COGSWELL v. BURTIS.

A will duly set forth in a pleading may be read at the hearing upon previous notice, where it has been proved before a surrogate pursuant to the Revised Statutes.

The term record in the 17th rule, and in the case of *Pardee* v. *De Calla*, does not apply merely to records which do not admit of contradiction, but to such as are made *prima facie* evidence also. A will not proved before the surrogate, cannot be proved as an exhibit at the hearing by examining witnesses.

Where evidence is documentary, and a slip has occurred, it is the usual course to allow the cause to stand over to produce it.

If opposing counsel suggest suspicious circumstances, and ask for an opportunity to impeach a document produced at the hearing, it will be allowed.

Sept. 17.    A preliminary question was raised in this cause as to the right to read at the hearing a copy under the seal of the surrogate of the will of the testator Cogswell.

Upon that question the following opinion was delivered, and the counsel for the defendant agreed that the will should be considered in evidence.

THE ASSISTANT VICE-CHANCELLOR :—A preliminary question has been raised as to the right of the complainants to read the will of Mr. Cogswell, attested by the seal of the surrogate as proven before him.

The complainants have given notice that they would read at the hearing the original will of Nathaniel Cogswell, under whom they claim, or an exemplified copy of it under the seal of the surrogate. The bill in the cause distinctly sets forth the date and execution of the will, and in part its contents, and refers to it when produced, with a proffer to produce it. The answer does not deny the execution of the will, but leaves the complainant to prove it.

The notice is not that the complainants would prove the will as an exhibit at the hearing by examining the witnesses. The rule as stated by the defendant's counsel, that this would be inadmissible, is very clear, although no

less an authority than Chancellor Kent has cast doubt upon it. (*Consequa* v. *Fanning*, 2 *Johns. C. R.* 482.)

But it was settled in several cases in the court of chancery and in the court of exchequer, that it could not be done. (*Eade* v. *Lingwood*, 1 *Atk.* 207. *Harris* v. *Ingledew*, 3 *P. Wms.* 93. *Willet* v. *Daniel in Scac.* November, 1731. 2 *Fowler*, 188. *Banbury*, 310.)

The question therefore is, whether the will can be read at the hearing without any proof.

By the rule adopted by the chancellor in May, 1839, and made part of the 17th rule in the edition of 1839, where any deed or instrument in writing duly acknowledged or proved as to authorize it to be read in evidence, is stated in the bill, or where any judgment or other matter of record is distinctly stated in the bill, such deed or instrument, or an authenticated copy of the record, may be read *upon the hearing* of the cause upon bill and answer, unless the defendant in his answer denies the due execution of such deed or instrument, or the existence of such record.

The rule therefore in its terms extends only to a hearing upon bill and answer, assuming for the present that the exemplification of a will of real estate by the surrogate is a record.

But in a cause determined prior to this rule, in March, 1838, it was ruled by the chancellor, that the exemplification of a judgment, or of an execution, or of other matters of record distinctly referred to and stated in the bill, may be read in evidence upon the hearing on pleadings and proofs, although not made an exhibit before the examiner, and no notice of the intention to use it at the hearing had been given. (*Pardee* v. *De Calla*, 2 *Hoffman's Ch. Pr.* 275.)

As a matter of practice I may state that before the vice-chancellor of the first circuit upon a creditor's bill, it is very common to read the judgment or execution without notice.

There is a trace of the practice thus settled by the chancellor in an old rule of the court of exchequer. A

general order was made on the 20th of February, 1745, that there is no occasion for any party to give notice of, or to have an order to prove exhibits for reading any deeds or evidence that do not require proof; and Mr. Fowler specifies what exhibits may be read without any proof, such as deeds more than thirty years old, all instruments under the great or privy seal, or the seals of the courts of justice. He adds, also probates of wills or letters of administration under the seals of any spiritual court. (2 *Fowler*, 188. In *Mason* v. ————, 1 *Esp. Rep.* 53, it is stated that in proof of a will of personalty or title to administration, the seal of the ecclesiastical court is received without testimony. And *Cox* v. *Allingham*, (*Jacob's Rep.* 514,) is to the same effect.

Undoubtedly this last position is founded on the fact that the probate of the will in the ecclesiastical courts is a record.

Taking this to be limited in England to a will of personal estate, the question as to real estate depends upon the clause of the Revised Statutes, 2 *R. S.* 58, § 15. Every will of real estate, proved as directed by the act, shall have a certificate of such proof endorsed thereon, signed by the surrogate and attested by his seal of office, and may be read in evidence, without further proof thereof. The record of the will, and the exemplification of such record, shall be received in evidence, and shall be as effectual in all cases, as the original will would be if produced and proven, and may in like manner be repelled by contrary proof.

The determination of the surrogate or of the circuit judge upon appeal, is conclusive where the will is of personal estate, but not so where it is of real. Still the original will so attested, or the exemplification, is a record ; termed so expressly in the act, and is the judicial proceeding of a court of record, recognized as such in the statutes.

The question then is, whether, in the decision of the chancellor to which I have referred, the term record relates only to records which do not admit of contradiction

when produced as testimony; which must be directly impeached in a proper tribunal, and annulled as void, but when produced as evidence, cannot be gainsayed; or whether it does not include instruments legally known or designated as records, made *prima facie* evidence as such by statute, provided they are duly set forth, or referred to in the bill. My strong impression is, that the decision includes such instruments.

There is, however, a late case before Lord Lyndhurst, hostile to this view. (*Fluit* v. *Watson*, 10*th Dec.* 1832. In the exchequer, *Gresley on Evidence in Equity*, p. 127.) An office copy of a judgment in the insolvent court, created by 1 Geo. IV. c. 119, was offered at the hearing. There is a clause in the act, which I should have supposed justified its admission. However, it was held, that an examined copy, that is, a copy sworn to by the officer or person who made it from the original, was requisite ; that an examined copy admitted of cross-examination, and therefore could not be proved *viva voce*.

If the counsel of the complainants deem it unsafe to proceed without proving this will in the regular mode, the cause may stand over for that purpose. For this course, where the evidence is documentary, and a mere slip has occurred, there is ample authority. (*Bloaton* v. *Drewett*, *Prec. in Ch.* 64.) Many cases to this effect are cited in *Hoffman's Practice*, vol. i. p. 498, 499. *Hood* v. *Pinim*, 4 *Simon's Rep.* is exactly in point and decisive. And in the case in the exchequer before referred to, liberty was given to exhibit an interrogatory to prove the judgment and other proceedings. So if the counsel opposing the production of the instrument, suggest any suspicious circumstances about it, or being surprised through mistake of practice, ask for an opportunity to impeach it, the cause will be allowed to stand over for that purpose.

The will was then read in evidence, by consent.